UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

| | |
|---|---|
| In re: | Chapter 7 |
| LaJeff Lee-Percy Woodberry, | Case No. 18-46856 |
| Debtor. | Hon. Phillip J. Shefferly |
| _____ / | |
| Mark H. Shapiro, Chapter 7 Trustee for the bankruptcy estate of LaJeff Lee-Percy Woodberry, | Adversary Proceeding No. 20-4366-PJS |
| Plaintiff, | |
| v. | |
| AmeriSave Mortgage Corporation, and Mortgage Electronic Registration Systems, Inc., | |
| Defendants. | |
| _____ / | |

### Order Denying Debtor's Motion To Intervene

This order is entered to deny a chapter 7 debtor's motion to intervene in an adversary proceeding brought by a chapter 7 trustee against a mortgage company.

LaJeff Lee-Percy Woodberry ("Debtor") is the debtor in this chapter 7 case. He is married to Yumi Yoo Woodberry ("Yumi"). On the date of the bankruptcy

petition, the Debtor and Yumi lived at 18283 Muirland Street, Detroit, Michigan ("Muirland Property"). Although the Property was at one time solely in the Debtor's name, the Debtor had transferred the Muirland Property to Yumi for $1.00 before filing his bankruptcy petition. On the date of the petition, record title to the Muirland Property was solely in Yumi's name.

On August 2, 2018, the chapter 7 trustee ("Trustee") filed adversary proceeding No. 18-4356 ("Avoidance Adversary Proceeding") against Yumi to avoid the Debtor's transfer of the Muirland Property to Yumi and to recover the Muirland Property for the bankruptcy estate. To protect the estate's interest in the Muirland Property while the Trustee prosecuted the Avoidance Adversary Proceeding, the Trustee recorded a Claim of Interest in the Muirland Property with the Wayne County Register of Deeds. On September 9, 2020, the Court granted the Trustee's motion for partial summary judgment in the Avoidance Adversary Proceeding. The Court held that the Debtor's transfer of the Muirland Property is avoided and the Muirland Property is recovered for the Debtor's bankruptcy estate.

On September 11, 2020, the Trustee filed this adversary proceeding. In his amended complaint ("Amended Complaint") the Trustee alleges that, despite the Claim of Interest on the Muirland Property, while the Avoidance Adversary Proceeding was pending, the Debtor and Yumi borrowed $192,000.00 from one of

the defendants, Amerisave Mortgage Corporation (together with the other defendant, "Defendants"), and secured repayment by granting the Defendants a mortgage ("Mortgage") on the Muirland Property. The Amended Complaint seeks alternative forms of relief — a judgment declaring that the Mortgage is void; a judgment subordinating the Mortgage to the estate's interest; avoidance of the Mortgage; or recovery of the value of the Mortgage for the benefit of the estate. Because the Trustee and the Defendants have agreed to extend the time for the Defendants to answer the Amended Complaint until December 29, 2020, no answer has yet been filed.

On November 16, 2020, the Debtor, acting pro se, filed duplicate copies of a motion ("Motion") (ECF Nos. 31 and 32) to intervene and a brief (ECF No. 34) in support. The Motion has two parts. The first part is a paragraph-by-paragraph answer to each of the five counts in the Amended Complaint. The second part asserts four affirmative defenses but says nothing about the relevant law and rules regarding intervention. On November 30, 2020, the Trustee filed an objection to the Motion. The Court has determined not to set the Motion for a hearing as oral argument will not further the deliberative process. For the following reasons, the Court denies the Motion.

Fed. R. Civ. P. 24, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7024, governs a motion to intervene. Subpart (a) of the rule addresses the motion where the movant asserts that there is a right to intervene and subpart (b) addresses the motion where the movant does not assert a right to intervene but requests permission to intervene anyway. The Motion does not mention either of these subparts of the rule but the Debtor's brief in support of the Motion states that "Intervention is warranted as of right because LaJeff Woodberry is the Debtor in this bankruptcy and the Debtor has an unconditional right to intervene . . . ." Based on that statement, the Court construes the Motion as being brought under subpart (a) of the rule, which governs intervention of right.

Rule 24(a) provides that on timely motion, intervention is mandatory if the moving party either

> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Debtor does not identify, either in the Motion or supporting brief, any federal statute giving the Debtor an unconditional right to intervene in this adversary proceeding under subpart (a)(1) of the rule. Therefore, the Motion must be denied to the extent it is brought under Rule 24(a)(1).

For subpart (a)(2) of the rule, the Sixth Circuit Court of Appeals requires that the moving party have a "substantial" or "significant" legal interest to be protected. United States v. Michigan, 424 F.3d 438, 443 (6th Cir. 2005); Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Cir. 1990). The moving party bears the burden of proving each element. Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997) (citation omitted).

The Debtor has no interest in the Muirland Property. As noted earlier, the Debtor transferred all his interest in the Muirland Property to Yumi before the Debtor filed his bankruptcy case. The Debtor's wife, Yumi, also does not have any interest in the Muirland Property. The Court's grant of the Trustee's motion for partial summary judgment in the Avoidance Adversary Proceeding does not change that fact. It just means that the Court avoided the Debtor's transfer to Yumi and — significantly — recovered the avoided transfer *for the bankruptcy estate*, not for the Debtor. At this point, neither the Debtor nor Yumi have any interest in the Muirland Property, much less a substantial or significant legal interest. Nor do either of them have any interest in the Mortgage that the Trustee now seeks to avoid or subordinate in the Amended Complaint. The Amended Complaint seeks to avoid or subordinate an interest of the Defendants, not an interest of the Debtor or Yumi. Therefore, the Motion must be denied to the extent that it is brought under Rule 24(a)(2).

The Court understands that the Debtor is appearing pro se but it is the burden of the party moving to intervene under Rule 24(a) to show that the rule's requirements are met. The Motion does not do that. Instead of addressing the criteria for intervention, the Motion just repeats baseless allegations against the Trustee and complaints about the handling of the Debtor's bankruptcy case that the Debtor has made many times before, in many different contexts. Those allegations and complaints do not give the Debtor a right to intervene in this adversary proceeding. Accordingly,

**IT IS HEREBY ORDERED** that the Motion (ECF Nos. 31 and 32) is denied.

**Signed on December 10, 2020**



/s/ Phillip J. Shefferly

**Phillip J. Shefferly**
**United States Bankruptcy Judge**